IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>ISAIAH GREGORY,<br><br>        Defendant. | Case No. 3:07-CR-30099-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the court is a Motion to Reinstate (Doc. 333) filed by Defendant Isaiah Gregory, in which Gregory indicates that his earlier letter requesting that the Court dismiss his pending motions under the First Step Act applied only to his Motion for Compassionate Release (Doc. 322) and not to his Motion to Reduce Sentence (Docs. 291 & 310). Accordingly, the Court reinstates Gregory's Motion to Reduce Sentence and, for the reasons set forth below, denies the Motion.

### FACTUAL & PROCEDURAL BACKGROUND

On March 11, 2009, Gregory entered a guilty plea on all five counts of his superseding indictment, including:

- *Count 1*: conspiracy to distribute, and possess with intent to distribute cocaine base and cocaine hydrochloride involving 50 grams or more of cocaine base and 500 grams or more of cocaine hydrochloride;

- *Counts 3 & 4*: distribution of cocaine base within 1,000 feet of a public housing authority;

- *Count 5*: distribution of 5 grams or more of cocaine base; and
- *Count 6*: distribution of cocaine.

Observing that the counts were closely related, the presentence investigation report determined the offense level by the total amount of drugs involved in the offense, pursuant to U.S.S.G. § 3D1.2(d) (Doc. 144 at 8). The base offense level was determined to be 32—which with a career offender enhancement and reduction for acceptance of responsibility—resulted in a total offense level of 34 (*Id.* at 9). This resulted in an advisory range of 262 to 327 months' imprisonment for Counts 1, 3, 4, and 5 (*Id.* at 18). Because Count 6 carried a statutory maximum term of imprisonment, the advisory guideline range for that count was lower at 240 months (*Id.*). Adopting the presentence investigation report without change, now-retired District Judge David R. Herndon imposed a sentence of 327 months on each of Counts 1, 3, 4 and 5, and 240 months on Count 6, all to run concurrently (Docs. 150, 151). At the time of Gregory's sentencing in 2009, the amount of cocaine base alleged in Count 1 triggered a statutory mandatory minimum of 10 years, while the amount alleged in Counts 3, 4, and 5 carried a statutory mandatory minimum of 5 years (Doc. 144 at 18).

## ANALYSIS

In 2010, Congress passed the Fair Sentencing Act ("FSA"), a law intended to reduce disparities in sentencing for offenses involving powder and crack cocaine. The FSA increased the amount of crack cocaine required to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the amount of crack cocaine required to trigger a 5-year mandatory minimum from 5 grams to 28 grams. See Public Law 111-220.

In 2018, Congress passed the First Step Act, which allowed courts to retroactively apply the changes wrought by the FSA in order to reduce sentences previously imposed. Section 404 of the First Step Act provides the mechanism for this sentence reduction, allowing Courts to reduce an imposed sentence for a "covered offense" as if the FSA had been in effect at the time of the offense. Section 404(a) defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by sections 2 and 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010."

Here, Gregory argues that: (1) Counts 1, 3, 4, and 5 are covered offenses under the FSA, and (2) with the changes to his statutory maximum sentence, his offense level would be 31 rather than 34, for a guideline range of 188 to 235 months (Doc. 310 at 3). Gregory further argues that eligibility under § 404 of the First Step Act is determined by looking to the statute of conviction, not the actual offense conduct, and that a defendant may be eligible for resentencing even where charged with violations involving both crack and powder cocaine.

The Government, on the other hand, contests these last two points, arguing that the Court should look to Gregory's actual offense conduct and the fact that his sentence was driven by the distribution of 14.917 kilograms of powder cocaine. The Government further contends that the "Defendant has never been punished more harshly because he committed a crack cocaine offense, and he certainly should not be rewarded for having done so" (Doc. 311 at 3).

This Court has previously held that the First Step Act applies to offenses, not conduct, and that the Court will look to the charges in the indictment in assessing eligibility. *United States v. Lovett*, Case No. 3:07-cr-30099-NJR, Doc. 300 at 5 (S.D. Ill. May 22, 2019) (citing *United States v. Pierre*, 2019 WL 1495123, at *5 (D.R.I. Apr. 5, 2019)).

Determining eligibility for resentencing, however, is merely one step of assessing a motion under § 404(a). The Court views § 404(a) as requiring a two-step analysis: First, the Court assesses a defendant's eligibility by looking to the indictment to see if the defendant was sentenced for a covered offense. Secondly, where the Court has determined that the defendant was convicted of a "covered offense," it may then "impose a reduced sentence as if sections 2 and 3" of the FSA had been in effect at sentencing. This latter step may require the Court to look once more at the defendant's actual offense conduct and the other factual findings that informed the calculation of the defendant's sentencing range.

In the instant case, revisiting the sentencing calculations requires the Court to note that the defendant's sentence was calculated based on the possession of 14,917.4 grams of powder cocaine, in addition to his 82.6 grams of crack cocaine (Doc. 144 at 8). Pursuant to USSG § 3D1.2, a defendant's offense level is determined based on the total amount of drugs involved in the offense. USSG § 2D1.1 sets forth the process for calculating the base offense level from the quantities of narcotics involved. Here, based on the amount of powder cocaine involved in the conspiracy, Gregory would still have an offense level of 34, and he would still have a statutory minimum of 10 years (Doc. 311-1). His sentencing range would thus be unchanged. Thus, while Gregory was sentenced for a covered

offense under the First Step Act, his individual circumstances do not warrant a sentence reduction as his sentencing range would have been the same prior to the Fair Sentencing Act due to offense conduct separate from crack cocaine. Accordingly, the Court must deny the motion.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** the Motion to Reduce Sentence.

**IT IS SO ORDERED.**

**DATED:   January 19, 2021**

*[signature]*

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**