IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:07-CR-30099-NJR-1 |
| ISAIAH GREGORY, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the court is a Motion to Reconsider (Doc. 335) filed by Defendant Isaiah Gregory, in which Gregory asks the Court to revisit its denial of his Motion to Reduce Sentence (Doc. 334). For the reasons set forth below, the Court denies the Motion to Reconsider.

Gregory argues that the Court should revisit its previous denial because (1) *United States v. Hudson*, 967 F.3d 605 (7th Cir. 2020) indicates that Courts have discretion to reduce a sentence for a "covered offense" under the First Step Act even where guideline ranges are unchanged; (2) Gregory's guideline range and mandatory minimums would in fact be lower today; and (3) the Court has already granted a Motion to Reduce Sentence for Gregory's co-defendant Larry Lovett (Doc. 335).

In *Hudson*, the Seventh Circuit observed that a judge considering a motion for a reduced sentence under the First Step Act must first determine whether a defendant is eligible for reduction and second assess whether the Court should reduce the sentence.

967 F.3d at 610. A defendant is eligible for sentence reduction where statutory penalties have been modified by the First Step Act. *Id.* Where a defendant is eligible, a Court should consider if a reduction should be granted, looking at "all relevant factors" including "different statutory penalties, current Guidelines, post-sentencing conduct, and other relevant information about a defendant's history and characteristics" to determine if a sentence is "'sufficient, but not greater than necessary,' to comply with the sentencing purposes set forth in [18 U.S.C.] § 3553(a)(2)." *Id.* at 611-12 (quoting *United States v. Shaw*, 957 F.3d 734, 741-42 (7th Cir. 2020).

Here, the Court has already determined that Gregory is eligible for a sentence reduction (Doc. 334 at 4). Based on relevant factors, however, the Court nevertheless concluded that a reduction was not warranted, noting that Gregory would still have had the exact same offense level and mandatory minimum even under updated guidelines because of his possession of 14,917.4 grams of powder cocaine in addition to his 82.6 grams of crack cocaine (Docs. 334 at 4; 311-1). Gregory contends that this is erroneous, that the guideline range for the powder cocaine in Count 1 of the indictment would be reduced from 34 to 31 and that Count 1 now carries a mandatory minimum of only 5 years and a maximum sentence of 40 years. This is simply inaccurate—the plain language of 21 U.S.C. § 841(b)(1)(A) still states that an individual sentenced under that section shall receive a "a term of imprisonment which may not be less than 10 years or more than life[.]" It appears that Gregory is erroneously referring to 21 U.S.C. § 841(b)(1)(B), which does indeed require a sentence of 5-40 years. But that section is for a violation involving 500 grams or more of cocaine. While Gregory's offense did indeed involve more than 500

grams of cocaine, it also surpassed the 5 kilogram threshold putting him out of § 841(b)(1)(B) and subjecting him to the harsher penalty range of 841(b)(1)(A). Thus, his guidelines are still based on a minimum of 10 years' imprisonment and a maximum of life, and his total offense level would still be 34.

Apart from these technical calculations concerning offense levels and minimum sentences, the Court does indeed retain discretion to grant a reduction in sentence for based on other extraneous factors. Gregory has not offered any such reason for the Court to do so, however, and his filings have focused solely on changes to sentencing ranges under the First Step Act. Gregory does note the discrepancy between his sentence and that of his co-defendant, Larry Lovett. Lovett's Motion to Reduce Sentence was indeed granted, yet Lovett was convicted for different offense conduct that involved solely crack cocaine, so the discrepancy between the two co-defendants does not result in inequity. *United States v. Larry D. Lovett*, 07-cr-30099-NJR-2, Doc. 300 at 2 (May 22, 2019).

Accordingly, while the Court recognizes that Gregory is eligible for a reduced sentence, based on all relevant factors, it does not see any sufficient justification for providing a sentence reduction and accordingly **DENIES** the Motion to Reconsider.

**IT IS SO ORDERED.**

DATED:   April 6, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**