IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 3:07-CR-30099-NJR-1 |
| **ISAIAH J. GREGORY,** | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Defendant Isaiah Gregory's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 346). In 2009, Gregory pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute a mixture and substance containing cocaine base and cocaine, two counts of distribution of cocaine base within 1,000 feet of a public housing authority, one count of distribution of cocaine, and one count of distribution of cocaine hydrochloride (Doc. 150).

Now-retired District Judge David R. Herndon sentenced Gregory to a total of 327 months' imprisonment and eight years' supervised release (Docs. 147, 150). Gregory is now 38 years old and is scheduled to be released from the Bureau of Prisons (BOP) on February 16, 2032.[1] The Court denied his first motion for compassionate release, without prejudice, for failure to submit proof that he exhausted his administrative remedies (Doc. 324).

---

[1] https://www.bop.gov/inmateloc/ (last visited June 8, 2022).

Prior to the passage of the First Step Act of 2018, a defendant seeking compassionate release first had to request it from the director of the BOP. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act modified that provision to allow prisoners to seek compassionate release from a court on their own motion, after exhausting administrative remedies, a failure of the BOP to bring a motion on their behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

After such a motion is filed, either by the director of the BOP or by the defendant, the Court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons" support release, and it has considered the appropriate sentencing factors under 18 U.S.C. § 3553(a). *United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021). The First Step Act does not say what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the Section 3553(a) factors when deciding compassionate release motions. *Id.* District courts may also turn to the policy statement in U.S.S.G. § 1B1.13 for guidance in exercising their discretion, though the policy is not binding on the Court unless the motion is brought by the BOP. *Id.* (citing *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020)).

Here, there is no dispute Gregory exhausted his administrative remedies before filing his motion. Thus, the Court must examine whether Gregory has presented extraordinary and compelling reasons warranting a sentence reduction. Gregory cites the COVID-19 pandemic, along with his pulmonary disease (sarcoidosis), asthma, irregular

heartbeat, high blood pressure, and high cholesterol, as reasons he should be released. Primarily, he argues that the severity of his conditions, on their own and in combination, put him at a much higher risk of fatality if he contracts COVID-19. Even though he has already had COVID-19 and been fully vaccinated, Gregory argues that he could still be the subject to the terrors of a new variant, especially considering his immune system has once been weakened by the disease.

Moreover, with regard to the Section 3553(a) factors, Gregory notes that he has participated in several courses and programs to better himself during his incarceration, including four courses of a program focused on personal training, nutrition, weight management, and healthy eating. He has also taken courses designed to help him identify his values, set goals, and work towards achievements. Gregory asserts that he is a low risk for recidivism and only has three violations in prison. If released, he has arranged housing and employment and plans to dedicate his time to raising his children.

Gregory also argues that because of the Fair Sentencing Act and First Step Act his sentence would be lower if calculated today. He contends that this also qualifies as an extraordinary and compelling reason warranting compassionate release and reincorporates the argument from his Motion to Reduce Sentence (Doc. 310) in the present motion.

In response, the Government argues that Gregory has been fully vaccinated against COVID-19 and his medical records reflect that his conditions are stable. Furthermore, the Government asserts that the BOP is effectively managing the pandemic for prisoner and staff safety. The Government also claims that Gregory remains a danger

to the community citing his lengthy criminal record involving a history of violence and firearm usage. Despite Gregory's claims, the Government points out that BOP classifies Gregory as a high-risk recidivism level. The Government acknowledges that Gregory has only amassed three violations in prison but asserts that he sustained one violation for fighting another prisoner and one for using drugs/alcohol, the latter of which occurred just last year. Finally, the Government argues that Seventh Circuit precedent dictates that changes to criminal penalties, as a result of the First Step Act of 2018, cannot constitute "extraordinary and compelling reasons" for compassionate release citing *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021).

Gregory's motion presents no extraordinary or compelling circumstances warranting compassionate release. The COVID-19 pandemic, on its own, is not an extraordinary or compelling reason for release, especially considering Gregory has been fully vaccinated. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (the widespread availability of COVID-19 vaccines "makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release"); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) (prisoners who have access to the vaccine cannot use risk of COVID-19 to obtain compassionate release). The Court is sympathetic to Gregory's medical conditions; however, they appear to be well-controlled and monitored in prison. Risk of the virus also appears well-controlled at FCI Greenville considering zero prisoners have the virus and only one staff member recently tested positive.[2]

---

[2] https://www.bop.gov/coronavirus/ (last visited June 8, 2022).

Moreover, Gregory has a significant and violent criminal history which reduces the Court's confidence that the community would remain safe upon his early release. Releasing Gregory now, with 10 years remaining before his projected release, would diminish the seriousness of his crime. It would also fail to provide just punishment, fail to account for his criminal history, and fail to protect the public.

Lastly, Gregory's arguments regarding a reduction of his sentence under the Fair Sentencing Act and First Step Act have been previously addressed by the Court. The Court denied Gregory's Motion to Reduce Sentence and denied a subsequent Motion to Reconsider that decision (Docs. 334, 337). A motion for compassionate release is not the proper vehicle to renew this argument as such authorized sentence reductions do not constitute an extraordinary or compelling reason for release.

For these reasons, Defendant Isaiah Gregory's Motion for Compassionate Release (Doc. 346) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   June 9, 2022

*Nancy J. Rosenstengel*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**